UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN KIRVEN,

    Plaintiff,    Civil Action No.: 16-13975
              Honorable Marianne O. Battani
    v.        Magistrate Judge Elizabeth A. Stafford

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF No. 12, 16]**

    Plaintiff Robert Alan Kirven appeals a final decision of Defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act (the Act). Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court finds that the decision by the administrative law judge (ALJ) is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion **[ECF No. 16]** be **GRANTED**;
- Kirven's motion **[ECF No. 12]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   BACKGROUND

**A. Kirven's Background and Disability Application**

Born in July 1966, Kirven was 47 at the alleged disability onset date, November 15, 2013, and 49 at the time of the October 2015 hearing before the ALJ. [ECF No. 9-2, Tr. 17, 21]. He completed high school and has past relevant work as a tractor trailer driver. [*Id.*]. Kirven claimed disability resulting from herniated lumbar and cervical discs, degenerative disc disease of the back, arthritis and depression. [ECF No. 9-6, Tr. 164].

Kirven and a vocational expert (VE) testified at the hearing. [ECF No. 9-2, Tr. 28-44]. In a November 2015 written decision, the ALJ found Kirven to be not disabled. [*Id.*, Tr. 14-23]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Kirven timely filed for judicial review. [*Id.*, Tr. 1-6; ECF No. 1].

**B. The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. §§ 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

Applying this framework, the ALJ concluded that Kirven was not disabled. At the first step, he found that Kirven had not engaged in substantial gainful activity since his onset date. [ECF No. 9-2, Tr. 17]. At the second step, he found that Kirven had the severe impairments of degenerative disc disease of the back and carpal tunnel syndrome. [*Id.*]. He determined that Kirven's obesity was not a severe impairment. [*Id.*]. Next, the ALJ concluded that none of Kirven's impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. [*Id.*].

Between the third and fourth steps, the ALJ found that Kirven had the RFC to perform light work, but with a number of exertional limitations, including lifting 20 pounds occasionally; lifting and carrying up to ten pounds frequently; standing or walking for about six hours a day and sitting up to six hours in an eight hour work day, with normal breaks; no climbing ladders, scaffolds or ropes; and only occasional climbing of stairs or ramps, balancing, stooping, kneeling, crouching or crawling; and no more than frequent bilateral fingering and handling. [ECF No. 9-2. Tr. 17]. At the fourth step, the ALJ concluded that Kirven could not perform his past relevant work. [*Id.,* Tr. 21]. At the final step, after considering Kirven's age, education, work experience, RFC, and the testimony of the VE, the ALJ

4

determined that there were jobs that existed in significant numbers that Kirven could perform, including positions such as assembler, sorter and cashier. [*Id.*, Tr. 22].

## II. ANALYSIS

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Kirven alleges that the ALJ did not properly evaluate his credibility, and that the ALJ's RFC assessment is not supported by the record because he discounted Kirven's medical impairments. [ECF No. 12]. These arguments are without merit and the ALJ's decision should be affirmed.

**A.**

Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers,* 486 F.3d at 241. An ALJ must explain the bases of her credibility determination, and the reviewing court should not be left to speculate as to the grounds for the ALJ's decision. *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 261 (6th Cir. 2015). "[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers,* 486 F.3d at 248. Here, the ALJ determined that Kirven was not entirely credible because his complaints of disabling symptoms and limitations were not consistent with his described daily activities, and his medical treatment did not rise to the level expected for a totally disabled individual. [ECF No. 9-2, Tr. 19-20].

Kirven takes issue with the ALJ's characterization of his credibility, but does not provide a compelling reason to disturb the ALJ's determination. The ALJ found that Kirven's daily activities are too strenuous to be consistent with his alleged symptoms and functional

6

limitations. [ECF No. 9-2, Tr. 20]. Those activities included taking care of his personal needs independently; preparing meals; making his bed; driving; going shopping; handling his finances; riding an exercise bicycle and lifting weights regularly at the gym; and regular travel, including a month-long trip to Florida and a cruise. [*Id.*; citing ECF No. 9-6, Tr. 151-54, ECF No. 9-7, Tr. 243; ECF No. 9-8, Tr. 341, 367, 369]. Kirven asserts that the ability to do these things does not equate to an ability to work a full forty hour work week and thus should not be used to undermine medical evidence.

But it is entirely appropriate for the ALJ to consider the claimant's daily activities, among other factors, when evaluating symptom-related functional limitation—indeed, the regulations direct the ALJ to do so. 20 C.F.R. §404.1529(c)(3). The Sixth Circuit has ruled repeatedly that the ALJ has "an adequate basis to discount [the claimant's] credibility" because "some of [his] activities were inconsistent with his claims of disabling pain." *Blacha v. Sec'y of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990); *see also Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ acted properly when he took into account that claimant could "run all of his errands, walk two miles, prepare all of his meals, and drive three times a week"); *Heston v. Comm'r of Soc. Sec.*, 245

7

F.3d 528, 536 (6th Cir. 2001) (the ALJ properly "considered [the claimant's] testimony concerning fatigue and shortness of breath in light of other evidence that [she] regularly walks around her yard for exercise, rides an exercise bicycle, goes to church, goes on vacation, cooks, vacuums, and makes beds").

Kirven cites opinions finding the ability to perform limited abilities not inconsistent with disability. He extensively quotes *St. Cin v. Commr. of Soc. Sec.,* 2015 WL 3660151, at *8 (W.D. Mich. June 12, 2015), in which the ALJ had wrongly discredited the plaintiff's allegations based on his "significant activities of daily living" of getting his daughter ready for school, picking her up from school, picking up his wife from work, and attending college for an accounting degree." *Id.* (internal quotations marks omitted). A review of the record showed that the plaintiff's daughter was mostly self-sufficient, and neither of his daily drives were more than 3-4 miles roundtrips. *Id.* The court concluded, "The fact that Plaintiff is able to perform a limited range of activity for short periods of time is not inconsistent with a claim of disability." *Id.* Here, Kirven's ability to perform regular exercise and travel extensively are not comparable to the limited range of activity described in *St. Cin,* and the ALJ did not err in considering them to be inconsistent with Kirven's claim of disability.

8

Other factors support the ALJ's credibility determination. Kirven's medical examinations after a "minimally invasive" procedure in October 2014 revealed normal sensation and negative straight leg raising tests, and he generally demonstrated full range of motion, normal strength and muscle tone. [ECF No. 9-8, 344, 347-48, 367]. Kirven received physical therapy, injections and muscle relaxants, which the ALJ considered to be routine and conservative, and inconsistent with total disability. [ECF No. 9-2, Tr. 20; ECF No. 9-8, 344, 348, 364, 367, 369, 389].

In his brief, Kirven cites portions of the record demonstrating that he continued to experience pain and other symptoms after the October 2014 procedure. [ECF No. 12, PageID 454-56]. But he does not show that he received treatment more extensive than that cited by the ALJ; the record shows that his medical providers considered only nonoperative care, including exercise, stretching, injections and pain medications. [ECF No. 9-8, Tr. 344, 348, 364, 367, 369]. And the records Kirven cites are from the same time period in which he is described as exercising three to four times per week at the gym, [*Id.*, Tr. 369 (February 2015)]; "traveling for the next several weeks," such that he could not "deal with" the recommendation for injections", [*Id.*, Tr. 341 (April 2015)]; and as him planning "to be out of town in Florida for a month so he did not order an injection," [*Id.*, Tr. 367 (May

9

2015)]. Kirven's election to travel instead of undergoing the injection treatments does not help his credibility arguments. "The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible." *Lemle v. Comm'r of Soc. Sec.*, No. Civ.A. 11-10295, 2012 WL 1060111, at *9 (E.D. Mich. Jan. 27, 2012), *adopted*, 2012 WL 1069787 (E.D. Mich. Mar. 29, 2012); *Davis v. Astrue*, No. 2:11-CV-00062, 2012 WL 2324396, at *4 (M.D. Tenn. June 19, 2012) ("[A] showing that the claimant failed to follow the course of treatment can defeat a claim when assessing credibility.").

Even if this would Court interpret the record differently than the ALJ, it is not permitted to conduct a *de novo* review of Kirven's credibility. *Smith*, 307 F.3d at 379. Because the ALJ sufficiently explained the bases for his credibility determination, and because his reasons find support in the record, there are no compelling reasons to disturb his credibility finding.

## C.

Kirven argues that the ALJ's RFC is flawed by the same errors he identifies in his credibility argument. The Court disagrees and recommends affirming the decision of the ALJ for the reasons stated above and below, and because Kirven could be found to have waived this argument due to

the paucity of his analysis. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotations omitted).

The ALJ gave weight to the opinions of both the consultative examiner and State agency consultant, incorporating their objective findings in the RFC. [ECF No. 9-2, Tr. 21; ECF No. 9-3, Tr. 52-54; ECF No. 9-7, Tr. 209-11]. Kirven does not challenge the weight assigned to those medical opinions, nor does he provide any medical opinion setting out greater limitations than those contained in the RFC. Kirven fails to show that the RFC is insufficiently restrictive, which is his burden. *Preslar*, 14 F.3d at 1110; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

### III.  CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Kirven's Motion for Summary Judgment **[ECF No. 12]** be **DENIED**, the Commissioner's Motion **[ECF No. 16]** be **GRANTED** and this case be **AFFIRMED**.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: November 17, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager